IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHELLE LINDBERG; WALTON ENTERPRISES; BARAK HUSSEIN OBAMA, FORMER PRESIDENT OF THE UNITED STATES; AND MANNY REISHEN;<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGE W. BUSH, FORMER PRESIDENT; DONALD J. TRUMP, FORMER PRESIDENT;  FEDERAL RESERVE SYSTEM, JOHN DOE, a JAPANESE MAN KNOWN AS THE "GUY BEHIND THE SCENE";<br><br>Defendants. | CIV. NO. 23-00125 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE |

**FINDINGS AND RECOMMENDATION TO  DISMISS CASE
FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE**

On August 21, 2023, this Court issued an *Order to Show Cause* ("OSC") directing Plaintiff Michelle Lindberg ("Plaintiff") to show cause why this case should not be dismissed due to her failure to timely effect service of the *Complaint* and to diligently prosecute this action.  ECF No. 13.  On September 1, 2023, Plaintiff filed a *Response to This Court's Latest Filing* ("Response") which appears to be a response to the OSC.  ECF No. 14.  In the *Response*, Plaintiff claims that

defendants George W. Bush and Donald J. Trump were served "by mail with 'Adult Signature/Restricted Delivery[.]'"  ECF No. 14-1 at PageID.38 & 40.

The Court elects to decide the OSC without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

After careful review of the *Response*, records and filings in this case and applicable law, the Court **FINDS** that Plaintiff failed to timely serve the defendants with the summons and *42 U.S.C. § 1983 Civil Rights Action Complaint* ("Complaint") and failed to diligently prosecute this case.  Accordingly, the Court **RECOMMENDS** that this action be dismissed without prejudice.

## DISCUSSION

Plaintiff commenced this case on March 8, 2023, alleging claims of civil rights violations against the defendants.  ECF No. 1.  The *Complaint* fails to clearly indicate whether each defendant is being sued in his individual or official capacity.  However, regardless of whether each defendant is being served in their individual or official capacity, the *Response* fails to demonstrate good cause as to why this case should not be dismissed for failure to timely serve the defendants.

### A. Service By Mail on An Individual is Not Permitted by the Rules

Rule 4(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") sets forth the requirements for the service of a defendant with the summons and

*Complaint* if the defendant is being sued as an individual. The federal rules permit Plaintiff to serve each such defendant by following the requirements set forth by Hawaii state law:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

Fed. R. Civ. P. 4(e)(1). The Court thus first examines whether Hawaii laws permit service by mail. Service under Hawaii law may only be made as follows:

> (1) Upon an individual other than an infant or an incompetent person,
>
>> (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or
>>
>> (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Haw. R. Civ. P. 4(d)(1). The Hawaii Rules of Civil Procedure ("Haw. R. Civ. P.") do not permit service of the summons and *Complaint* on any of the defendants by mail if the defendants are being sued as an individual.

In addition to permitting service pursuant to state law, the federal rules also list ways in which service of the summons and *Complaint* on an individual may be

made. Under the federal rules, service on an individual may be made by "doing any of the following:"

>(A) delivering a copy of the summons and of the complaint to the individual personally;
>
>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). "The federal rules do not permit service by certified mail on an individual." *Au v. Republic State Mortg. Co.*, Civ. No. 11-00251 JMS-RLP, 2012 WL 628843, at *2 (D. Haw. Jan. 31, 2012), *report and recommendation adopted*, Civ. No. 11-00251 JMS, 2012 WL 612364 (D. Haw. Feb. 24, 2012) (citing Fed. R. Civ. P. 4(e)(2)). Accordingly, because service by mail on an individual is not permitted, Plaintiff failed to properly serve the summons and *Complaint* on any of the defendants prior to the deadline if Plaintiff had intended to sue the defendants as individuals.

### B. Service By Mail on Defendants in Their Official Capacities is Not Permitted by the Rules

Fed. R. Civ. P. 4(i) provides the requirements for service of a defendant with the summons and *Complaint* if a defendant is being sued in his/her official capacity. Rule 4(i) states that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must

4

serve the United States **and** also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i).  In other words, the federal rules require that in order to serve a defendant in his official capacity, Plaintiff must (1) serve the United States **and** (2) send a copy of the summons and *Complaint* by registered mail to the defendant.[1]  *Id*.  Fed. R. Civ. P. 4(i)(1) requires that,

> [t]o serve the United States, a party must:
>
> **(A) (i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought-or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk-or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

---

[1] Fed. R. Civ. P. 4(i)(3) provides for the service of an "Officer or Employee Sued Individually" and also requires service of the United States in addition to service of the officer or employee. *Id*.

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

*Id*.  Thus, Fed. R. Civ. P. 4(i)(3) also does not permit service by mail of a defendant performing their duties in their official capacity but sued in an individual capacity by simply mailing the summons and *Complaint* to that defendant.

5

> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Based on the proofs of service submitted by Plaintiff attached as exhibits to the *Response*, it does not appear that Plaintiff has complied with Fed. R. Civ. P. 4(i)(1)(A) and 4(i)(1)(B) for any of the defendants being sued in their official capacity in this case. Accordingly, the Court cannot find that service of the summons and *Complaint* was made in this case.

### C. Service of the Summons and Complaint is Untimely

The *Complaint* was filed on March 8, 2023. Fed. R. Civ. P. 4(m) sets forth a 90-day deadline to serve the summons and Complaint on a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

In this case, the deadline to serve defendants was June 6, 2023. On April 11, 2023, approximately two months prior to the deadline to serve, this Court cautioned Plaintiff that the *Complaint* violates several rules and reminded Plaintiff of the deadline to serve under Fed. R. Civ. P. 4(m). ECF No. 9. However, over four months have elapsed since the deadline to serve and there is no indication that Plaintiff has properly served any of the defendants.

### D. Plaintiff Failed to Show Good Cause to Extend the Deadline to Serve

6

Fed. R. Civ. P. 4(m) states that "if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Courts consider "whether good cause for the delay has been shown on a case by case basis."  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)).  The Ninth Circuit has held that "[a]t a minimum, 'good cause' means excusable neglect."  *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).  The Court considers four factors in order to determine whether good cause or excusable neglect exists such that the deadline to serve should be extended:  "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Id*. (quoting *Boudette*, 923 F.2d at 756) (citation omitted).  In response to the OSC, Plaintiff states:

> Plaintiff hereby directs this Courts' [sic] attention to the attached Return of Service forms and the "Adult Signature Restricted Delivery" cards that prove the Plaintiff has in fact served on Defendants Bush and Trump.
> Therefore, the Court should take note that neither Defendants have made any showing before this Court since receiving the Service on July 11, 2023.

ECF No. 14 at PageID.33.  Plaintiff does not provide any explanation on which this Court can find good cause to extend the deadline to serve.  It appears that Plaintiff may have misunderstood the requirements of service under Fed. R. Civ. P. 4(m).  However, "inadvertence or ignorance of the governing rule alone does not constitute good cause."  *Katz v. United States*, Civ. No. 09-00042 HG-KSC, 2009

WL 3169120, at *3 (D. Haw. Sept. 28, 2009) (citing *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985)) (citations omitted). Accordingly, the Court cannot find good cause exists to extend the time for service.

In the Ninth Circuit, "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d at 512. Because this Court finds that there is no showing of good cause, this court recommends the dismissal of this case without prejudice.

### E. **Plaintiff's Request for an Interpreter is Irrelevant to the OSC**

The *Response* should have addressed "why this case should not be dismissed based upon [Plaintiff's] failure to effect timely service of the [*Complaint*] and to otherwise diligently prosecute this action." ECF No. 13. However, Plaintiff did not provide the Court with any information that would constitute good cause for her failure to timely served and instead, Plaintiff included what appears to be an objection to the Court's denial of Plaintiff's request to appoint an interpreter.

On June 29, 2023, this Court denied Plaintiff's request to appoint a Vietnamese interpreter to assist Plaintiff. ECF No. 12. As noted in the June 29, 2023 *Entering Order*, the Court could not find it appropriate to permit "the expenditure of public funds for a court-appointed interpreter in a civil case." *Id*. (citation omitted). Despite the Court's policy of liberally construing the pleadings of pro se litigants, Rule 74.1 of the *Local Rules* require that any objection to a

8

magistrate judge's order must be made within 14 days after being served. The Court notes that nearly four months have elapsed since Plaintiff was served by mail the June 29, 2023 *Entering Order* denying Plaintiff's request for an interpreter. Accordingly, Plaintiff's objection is untimely and overruled.

F. **Plaintiff's Disagreement with the Court's Rulings Does Not Constitute Bias**

In the *Response*, Plaintiff claims that this Court is "bullying" Plaintiff from the bench. Plaintiff's allegation is not grounded on any legitimate legal or factual basis but appears to arise from Plaintiff's dissatisfaction with this Court's rulings. Plaintiff is a pro se litigant and as such, the Court construes Plaintiff's pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, the Court shall not create, on its own, a basis for any of the relief Plaintiff seeks nor shall the Court award any type of relief that is, under the circumstances, not permitted by law. Moreover, the Court must hold all litigants accountable, whether pro se or represented by counsel, to "abide by all local, federal, and other applicable rules and/or statutes." LR81.1(a).

The Court has previously noted some deficiencies in this action including the fact that the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and with LR81.1(a).[2] ECF No. 9. Even when

---

[2] Although the Court noted these deficiencies, no action was taken to penalize Plaintiff for the multiple instances of noncompliance. Plaintiff was afforded the

9

Plaintiff requested for an interpreter or an appointment of counsel, this Court cited legal authority and laid out the requirements needed to obtain such relief. ECF No. 12. Plaintiff could have heeded this Court's cautionary warnings and followed the rules cited by the Court to argue in favor of the relief Plaintiff sought. Instead of litigating this case by following the requirements set forth by the applicable rules and law, Plaintiff elected to do nothing. Instead, Plaintiff now claims that Plaintiff was being "bullied" because Plaintiff was not able to obtain the relief Plaintiff seeks.

Plaintiff alleges that this Court is prejudicial and biased because it did not "[take] the time to 'liberally construe'" Plaintiff's requests. ECF No. 14 at PageID.35. In order to do so, the Court must interpret Plaintiff's filings liberally and apply such liberal interpretation to the applicable law. In this case, however, Plaintiff failed to provide adequate support for her request and thus, the Court shall not create something out of nothing and shall not disregard the requirements under the law to accommodate Plaintiff's requests, including any burden of proofs and deadlines.

In this instance, Plaintiff states that this Court is prejudicial and biased. The Court thus liberally construes Plaintiff's statements as a motion to disqualify this

---

time and opportunity to bring this action into compliance with the applicable rules, but failed to properly act on the cautionary warnings by this Court and failed to take action to correct the deficiencies that were explained.

Court. Whether the Court should disqualify himself in any proceeding is governed by 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute also provides an enumerated list that states specific circumstances under which a judge should disqualify himself. 28 U.S.C. § 455(b)(1)-(5). The Court is not dismissive of allegations of bias and conducts a close examination of all factual claims made by a party seeking a recusal.

Among the different circumstances listed, 28 U.S.C. § 455(b)(1) requires that a judge disqualify himself "[w]here he has a personal bias or prejudice concerning a party . . . " Plaintiff claims that because the Court is a "'Federal Judge[,]' [it is] intimidating" and that this "Court is taking advantage of Plaintiffs' Naivete [sic] and attempting to force Plaintiff out of the Judicial System." ECF No. 14 at pageID.35. Plaintiff also claims that she has "every right to express her FREE SPEECH rights." *Id.* (emphasis in original). Plaintiff claims that "Plaintiff reserves the Right to appeal EVERY ADVERSE judgment made by this Court, because of prejudice [and] bias[.]" *Id.* (emphasis in original). Plaintiff's explanations do not amount to any type of evidence that the Court may be impartial or biased. It appears that Plaintiff may be frustrated at the Court because she is not obtaining the relief she seeks. It is well-established that "[u]nfavorable

11

rulings alone are legally insufficient to require recusal[.]" *Beverly Hills Bancorp v. Hines*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citation omitted). Accordingly, Plaintiff's request for a recusal is **DENIED**.

### G. Plaintiff's Action Should be Dismissed Without Prejudice

This Court could not find good cause exists and thus recommends that this case be dismissed without prejudice. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) ("if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period"). This Court also finds that Plaintiff's case should be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court weighs five factors when determining whether a case should be dismissed for failure to prosecute:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id*. (citation omitted). In this case, Plaintiff has not served the defendants and over four months have elapsed since the deadline to serve the summons and *Complaint* has expired. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." *Id*. (citation omitted). The Court has given Plaintiff warnings of noncompliance and has cited

12

to case law.  However, Plaintiff failed to heed this Court's warnings and failed to follow the rules cited.

The Court also finds that the risk of prejudice to the defendants is also imminent.  Despite this Court's warning to Plaintiff that defendants were not properly served, Plaintiff ignored the Court's cautionaries and failed to follow the rules and properly serve the defendants.  "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Id*. (citations omitted).   "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643 (citation omitted).  It is clear that Plaintiff did not file her proofs of service until after this Court issued an *OSC*.  However, the proofs of service show that Plaintiff had not complied with the service requirements set forth under Fed. R. Civ. P. 4 within the timeframe required by that rule.  Plaintiff's noncompliance has resulted in unnecessary delays that will likely continue to persist particularly where Plaintiff has routinely ignored the rules.  The Court also finds that the availability of less drastic alternatives also favors dismissal in that even if this Court cites to the applicable rule, Plaintiff is steadfast in her belief that her method of service is correct and will not comply with the rules.  This will unnecessarily delay proceedings and cause further strain on the Court's resources.

13

The only factor weighing against dismissal of this case is public policy in that "public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, this factor alone does not outweigh the other four factors favoring dismissal. The Court thus **RECOMMENDS** that the district court dismiss this action without prejudice.

## CONCLUSION

Based on the foregoing, the Court cannot find good cause to extend the deadline to serve the summons and *Complaint* on defendants. The Court also **FINDS** that, based on Plaintiff's failure to serve and diligently prosecute, this case should be dismissed.

Accordingly, because Plaintiff failed to (1) timely serve defendants, (2) diligently prosecute this action and (3) follow the applicable court rules and legal authority, the Court **RECOMMENDS** that the district court dismiss this case without prejudice.

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 25, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00125 DKW-RT; *Michelle Lindberg vs. George W. Bush*; Findings and Recommendation to Dismiss Case for Failure to Serve and Diligently Prosecute